IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENESSEEE

MARIBEL LINEBERRY, )
)
    PLAINTIFF, )
)
VS. ) CASE NO.
)
STATE FARM FIRE AND )
CASUALTY COMPANY, )
)
    DEFENDANT. )
)

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company ("State Farm"). At all times relevant, State Farm was a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA") as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] State Farm files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. State Farm respectfully shows as follows:

I.

On or about September 28, 2012, Plaintiff, Maribel Lineberry, filed a lawsuit in the Circuit Court of Wilson County, at Lebanon, Tennessee entitled, "*Maribel Lineberry v. State Farm Fire & Casualty Company*" bearing case number 2012-cv-574. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit A.

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002) and *Evanoff v.*

For the reasons that follow, State Farm hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

### A.   REVIEW OF PLAINTIFF'S COMPLAINT

1. At paragraph 3, Plaintiff alleges that she is a policy holder with State Farm with policy number 42RB90154, for the property located 855 East Main Street, Erin, Tennessee, which was in effect on May 1 and 2, 2010.

2. At paragraph 4, Plaintiff alleges that on May 1 and 2, 2010, her property received flood damage which damaged all three of the HVAC units, which necessitated replacement in the approximate amount of $40,360.20.

3. At paragraph 5, Plaintiff alleges that the damage was not discovered until the fall of 2011, and she made a claim to State Farm on December 8, 2011.

4. At paragraphs 6, 7 and 8, Plaintiff alleges that despite repeated attempts to collect on her loss, State Farm has not paid out on the claim, therefore, breaching the contract of flood insurance.

### B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

5. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

---

*Standard Fire Ins. Co.*, 534 F.3d 516, 519 (6th Cir. 2008).

6. State Farm, as a WYO Program carrier, was authorized to issue Standard Flood Insurance Policies ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

7. State Farm' role as a WYO Program carrier as set forth in the Arrangement, was to market, sell, administer and handle claims under SFIPs that it was authorized to issue on behalf of the federal government. It is clear that State Farm, in its WYO capacity, was conducting these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

8. State Farm cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2009 edition).

9. Further, State Farm has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

10. All flood claim payments made by a WYO Program carrier, such as State Farm, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. Further, in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

11. Any judgment that might be rendered in this case against State Farm arising out of how it adjusted Plaintiff's SFIP claim would be paid by the federal government, and not by State Farm. *See Evanoff*, 534 F.3d at 519-20.

3

12. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979) wherein the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*Id.* at 881.

13. Based upon the forgoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

## C. FEDERAL JURISDICTION

### (1). 42 U.S.C. §4072 - Original Exclusive Jurisdiction

14. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving claims handling matters under the SFIP. In *Gibson v. American Bankers Ins., Co.*, 289 F.3d 943, 947 (6th Cir.2002), the Sixth Circuit held that cases like the instant suit <u>must</u> be brought in federal court: " §4072 provides exclusive subject matter jurisdiction over suits against a WYO insurance company arising out of a disputed flood claim." *Id.* at 947. *See also, State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988).

15. Plaintiff should be aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly State Farm is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins.*

4

*Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

16. On the face of the Plaintiff's Complaint, Plaintiff alleges that State Farm breached the SFIP contract by failing to compensate Plaintiff for her flood loss claim under her SFIP.[4] As such, jurisdiction is "exclusive" to this Honorable Court pursuant to 42 U.S.C. §4072.

**(2). 28 U.S.C. §1331 - Federal Question Jurisdiction**

17. State Farm asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

18. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP. *Neuser v. Hocker*, 140 F.Supp.2d 787, 795 (W.D.Mich. 1999). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

19. Plaintiff's Complaint clearly asserts that State Farm breached the terms of the SFIP by

failing to pay Plaintiff for alleged flood damages. As such, the payment that the Plaintiff seeks from State Farm under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

20. Several states have recognized that there is no concurrent subject matter jurisdiction in state courts. *See, Gibson v. American Bankers Ins. Co.*, 91 F.Supp.2d 1037, 1044 (E.D.Ky.2000); *McCormick v. Travelers*, 103 Cal.Rptr. 2d 258 (Cal.App.1st 2001), *cert denied*; *Palmieri v. Allstate Ins. Co.*, 289 A.D.2d 314 (App.Div.NYSup.Ct.2001); *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 ((Fla. Dist. App. 1st Cir. 2001); and *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir.2002)(wherein the U.S. Fourth Circuit vacated an order remanding the case to state court).

21. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), State Farm asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

### D. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

22. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like §1442, §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-7 (5th Cir. 1988).

23. Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress

---

[4] *See,* Plaintiff's Complaint, ¶¶6-8.

6

is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 134 L. Ed. 2d 237, 116 S. Ct. 1103 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "the word 'relates' is highly general." *Id.* at 38. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*Id.* at FN3.

24. Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§ 4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Complaint, and so removal of the Complaint is proper pursuant to 28 U.S.C. §1337.

E. **THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

25. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005). All of the claims put at issue in

the Plaintiff's Complaint arise from the property damage that she allegedly sustained as a result of a flood, and from her efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See also, Harper v. Auto Alliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)(quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-455 (6th Cir. 1996).

## F. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

26. State Farm notes that its first knowledge or notice of the suit was on October 3, 2012, when its agent for service of process, The Department of Commerce and Insurance for the State of Tennessee, was served with a copy of the lawsuit which is attached hereto as part of Exhibit A. Thus, the filing of this removal within thirty (30) days of service is timely.

27. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

28. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on State Farm to date.

## CONCLUSION

WHEREFORE, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

THOMASON, HENDRIX, HARVEY,
JOHNSON & MITCHELL, PLLC

By: _____
CHRISTOPHER L. VESCOVO (14516)
JONATHAN L. MAY (27408)
2900 One Commerce Square
40 South Main Street
Memphis, TN 38103
(901) 577-6140
vescovoc@thomasonlaw.com
mayj@thomasonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2012, a true and accurate copy of the foregoing was sent via US Mail, postage paid, to counsel for Plaintiff at the following:

Timothy A. Davis, Esq.
115 East Main Street
Lebanon, TN 37087

_____
Christopher L. Vescovo

4823-8006-9905, v. 1

9

Case 3:12-cv-01135   Document 1   Filed 11/02/12   Page 9 of 9 PageID #: 9